MEMORANDUM **
Sofyan Tampubolon, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.
The record does not compel the conclusion that Tampubolon has shown changed circumstances to excuse the untimely filing of his asylum application. See 8 C.F.R. § 1208.4(a)(4), (5); see also Ramadan v. Gonzales, 479 F.3d 646, 656-58 (9th Cir.2007) (per curiam). Accordingly, we deny the petition as to Tampubolon’s asylum claim.
Substantial evidence supports the IJ’s determination that the two attacks and discrimination suffered by Tampubolon did not rise to the level of past persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003). In addition, even if the *369 disfavored group analysis set forth in Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004) applies to Christian Indonesians seeking withholding of removal, Tampubolon failed to demonstrate that it was more likely than not that he will be persecuted if he returns to Indonesia. See Hoxha, 319 F.3d at 1184-85.
Substantial evidence supports the IJ’s denial of CAT relief because Tampubolon failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. See El Himri v. Ashcroft, 378 F.3d 932, 938 (9th Cir.2004).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.